Filed 9/20/13  P. v. Jacobson CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICHARD JACOBSON,<br><br>    Defendant and Appellant. | B248574<br><br>(Los Angeles County<br>Super. Ct. No. PA075603) |

　　　　Appeal from a judgment of the Superior Court of Los Angeles County, Daniel B. Feldstern and Dalila C. Lyons, Judges.  Affirmed.

　　　　Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　No appearance for Plaintiff and Respondent.

_____

A March 6, 2013 information charged appellant Richard Jacobson with one count of possession for sale of a controlled substance (Health and Saf. Code, § 11378), and one count of transportation of a controlled substance (Health and Saf. Code, § 11379, subd. (a)). The information alleged that Jacobson had a 2008 prior conviction constituting a strike within the meaning of Penal Code sections 667, subdivisions (b) through (i) and 1170.12, subdivisions (a) through (d), and that he had served a prior prison term within the meaning of Penal Code section 667.5, subdivision (b).

The trial court heard and granted Jacobson's *Pitchess* motion, which sought information regarding complaints against, or information about, acts of moral turpitude, filing of false reports, perjury, or dishonesty, by the arresting Sheriff's Department Deputy. We have reviewed the sealed transcript of the in camera hearing at which the documents were produced pursuant to that order, and the trial court's conclusion that none of the documents produced related to complaints against, or information about, filing of false reports, lying, perjury, or dishonesty, by the arresting Sheriff's Department Deputy.

The court also denied Jacobson's motion under Penal Code section 1538.5 to suppress evidence recovered in a search of his automobile, after hearing testimony from the arresting officer. The arresting officer testified that while she was on routine patrol at about 3:45 in the afternoon, driving north on a major boulevard, she observed Jacobson driving south in a 1990's vintage Buick with a broken headlight and a very large crack in its windshield. She testified that the crack was across the entire windshield and appeared to obstruct the driver's view.

When the officer made a traffic stop of the vehicle, she observed a large trash bag, and several duffle bags and packs. After Jacobson was detained he made statements to the officer, she searched the car, and she recovered evidence leading to the charges against him.

Jacobson's motion to suppress evidence under Penal Code section 1538.5 argued that the traffic stop was illegal on two grounds. First, Vehicle Code section 26710 provides that it is unlawful to operate a vehicle when its windshield is in a condition that

2

impairs the driver's vision; but here that could not have been the case because the officer had testified that she could see into the car as she passed it in the opposite direction. Second, Vehicle Code section 24400 requires that a vehicle have headlights, but there is no requirement that they must be operational except during darkness or inclement weather—neither of which was the case when Jacobson was stopped. The trial court (Honorable Daniel B. Feldstern) denied the motion to suppress, noting the officer's observation that the windshield crack appeared to obstruct the driver's view.

Jacobson then was advised of his constitutional rights and waived them on the record, and pled no contest to the charge in count two of the information, transportation of a controlled substance, methamphetamine. The court (Honorable Dalia C. Lyons) found him guilty. He was sentenced to the upper term of four years in state prison, with presentence credit for 226 days (113 actual days plus 113 good time/work time days). The court imposed a $280 restitution fine; a $280 parole revocation fine (with a stay dependent on completion of parole); a $50 lab analysis fine (Health & Saf. Code, § 11372.5); a penalty assessment of $85 (Pen. Code, § 1464; Gov. Code, § 76000). The trial court agreed to sign a certificate of probable cause respecting Jacobson's motion under Penal Code section 1538.5, and recommended Jacobson for fire camp.

Jacobson appealed from the denial of his motion to suppress under Penal Code section 1538.5. After examination of the record, his appointed counsel filed an opening brief raising no issues and asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On July 11, 2013 we directed his counsel to send the record on this appeal and a copy of his opening brief to appellant immediately, and ordered that appellant may, within 30 days, submit by brief or letter any grounds of appeal contentions or argument that he wishes this court to consider. Counsel has provided Jacobson with his opening brief and the transcripts of the record, and has advised Jacobson of his right to file a supplemental brief. We have received no response from Jacobson or from his counsel.

We have examined the record and are satisfied that Jacobson's counsel has complied with his responsibilities and that no arguable issues for an appeal from the

3

denial of the motion to suppress exist. Our review of the record confirms that the documents produced pursuant to the order granting Jacobson's *Pitchess* motion included none that were within the scope of motion or the court's order, and therefore no documents requiring disclosure.

We have reviewed the sealed transcript of the in camera hearing at which the documents were produced pursuant to that order, and the trial court's conclusion that none of the documents produced related to complaints against, or information about, filing of false reports, lying, perjury, or dishonesty, by the arresting Sheriff's Department Deputy. The trial court based its denial of the motion to suppress under Penal Code section 1538.5 on the officer's testimony that the driver's view was obscured by the large windshield crack, and that a headlight of Jacobson's car was broken, both of which are plainly supported by substantial evidence and both of which violate the Vehicle Code. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110, 126; *People v. Wende*, *supra*, 25 Cal.4th at p. 441.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


CHANEY, J.


We concur:



MALLANO, P. J.



JOHNSON, J.